UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER L. DONAHUE, on behalf of himself and all other employees similarly situated who opt-in to this civil action, Plaintiff, against - GLOBAL HOME LOANS & FINANCE INC., and WILLIAM G. ALVARO Defendants. | **COMPLAINT** 2005 Civ. No. ECF CASE **JURY TRIAL REQUESTED** |

Plaintiff PETER L. DONAHUE by his attorney Robert N. Felix, for his complaint alleges as follows:

## SUMMARY OF ACTION

1. Plaintiff was formerly employed as a Loan Officer with GLOBAL HOME LOANS & FINANCE INC. ("GLOBAL").

2. Plaintiff brings this representative action on behalf of himself and other similarly situated employees who may opt-in to this civil action pursuant to the provisions of Section 16(b) of the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b), (the "Act" or the "FLSA"), and Section 255(a) of the Portal-to-Portal Act. to recover minimum wages, unpaid overtime compensation, an additional equal amount as liquidated damages, post-judgment interest and reasonable attorneys' fees and costs relating to defendants' willful violations of the FLSA and for statutory penalties owed to Plaintiff and all other Loan Officers employed by, or formerly employed by GLOBAL.

3. In addition, plaintiff brings supplemental state claims to recover minimum wages, overtime compensation, liquidated damages and/or pre-judgment interest, plus post-judgment interest, reasonable attorneys' fees and court costs for defendants' willful violation of the New York State Labor Law and its applicable regulations.

**JURISDICTION AND VENUE**

4. Jurisdiction over this action is conferred on this Court by Section 16(b) of the FLSA, 29 U.S.C. §216(b)). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), because the state claims are so related to the federal claims that they form a part of the same case or controversy between Plaintiff and Defendants. Venue lies within this jurisdiction pursuant to 28 U.S.C. §§1931. and 1337.

**PARTIES**

5. Plaintiff Peter L. Donahue was employed as a Loan Officer with defendants.

6. Plaintiff is an employee as defined by §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

7. Plaintiff Peter L. Donahue is a named party and has consented in writing to becoming a party plaintiff and sue under the FLSA, on behalf of himself and all other similarly situated Loan Officers, who file consents to be plaintiffs in this action.

8. The plaintiff's consent is filed with this Court and attached as Exhibit "A". If additional similarly situated persons consent in writing to become plaintiffs in this action, such consents will be filed with this Court.

9. Plaintiff will seek leave of the Court for an Order permitting to have a formal notice be sent to potential class members and establish the opt-in procedures by authorization of the Court. Plaintiff will move the Court to order defendants to produce the names and addresses of those who should receive the notice, namely, similarly situated current and former Loan Agents of defendants.

10. Defendant GLOBAL HOMES LOANS & FINANCE INC., is a domestic business corporation organized under the Laws of New York and is authorized to and transacts business and mortgage lending services in New York within the territorial

jurisdiction of this Court.

11. Defendant WILLIAM G. ALVARO is the Chief Executive Officer of GLOBAL HOMES LOANS & FINANCE INC.

12. Defendants are covered employers under the Fair Labor Standards Act and the New York State Labor Law. Defendants business was and is engaged in commerce or the production of goods for commerce and has, on information and belief, annual gross sales of at least $500,000.

**FACTS**

13 At all relevant times, defendants had a consistent policy of requiring their Loan Officers, including plaintiff, to work in excess of forty (40) hours per week without paying them minimum wages and overtime compensation at one and a half times their regular rate as required by the FLSA and/or New York State Labor Law.

14. Plaintiff Peter L. Donahue ("Donahue") was employed as a Loan Officer with defendants beginning in January 2004 and ending on or about June 2004. His job duties *inter alia* included originating loans and obtaining credit information. For each loan he sold he was entitled to receive an agreed upon commission.

15. Plaintiff Donahue worked for defendants approximately 60 to 65 hours per week.

16. At all relevant times, defendants failed to pay Donahue minimum wages or overtime compensation.

17 Similarly, prior to, during and subsequent to plaintiff's employment, on information and belief, other similarly situated Loan Officers of defendants have worked hours in excess of 40 per week, and were not paid minimum wages or overtime compensation. These Loan Officers performed similar duties as plaintiffs.

18. As a result of defendants' pay practices, defendants failed to pay minimum wages and overtime compensation to plaintiff, and others similarly situated.

19. Defendants operate and have operated, a retail mortgage loan business at

numerous locations, including 6 East 32nd Street, 4th Floor, New York, New York 10016.

20. Defendants have employed and still employ numerous Loan Officers to sell mortgage loans on real estate.

21. Plaintiff and those similarly situated are or were employees of the defendants during part or all of the last three years and are/were required to follow the defendants' guidelines, policies and forms in carrying out defendants' business of selling loans.

22. During the last three years, defendants have employed numerous persons as Loan Officers within and outside the jurisdiction of this Court.

23. Loan Officers report to, and work under the supervision of defendants' management employees.

24. Loan Officers duties do not entail significant discretionary decision making or supervision of others.

25. The Loan Officers' primary duty is to sell loans over the telephone. These sales activities are conducted almost exclusively inside defendants' facilities.

26. Potential borrowers in the main are contacted directly by the Loan Officers based on previously established leads.

27. The Loan Officers' job *inter alia* is to obtain the information necessary to determine the potential borrower's credit-worthiness; calculate loan terms (rate and fees); sell the loan to the customer according to such terms and send the legally required disclosures to the customer.

28. Loan Officers do not have the discretion to offer loan terms other than those generated by the "rates" program or those that have been approved by defendants' management.

29. Because of their duties and the nature of their position, Loan Officers do not fall within any of the exemptions to the minimum pay and overtime pay requirements of the FLSA, 29 U.S.C. §§206 and 207 and the New York State Labor Law.

30. Loan Agents typically work at least 50 to 65 hours a week..

31. Loans officers are not paid a guaranteed salary.

32. Defendants compensate Loan Officers by commissions only.

**FIRST CLAIM FOR RELIEF UNDER FLSA**

33. Plaintiff realleges each of the allegations set forth in all prior paragraphs as if fully set forth here.

34 At all relevant times plaintiff, and other similarly situated employees who may opt-in, were entitled to the rights, protections and benefits provided under the FLSA and the Portal-to-Portal Act.

35. The Fair Labor Standards Act requires overtime pay at a rate of not less than one and one-half times an employee's regular rate of pay after forty hours of work in a work week.

36. At all relevant times, plaintiff, as well as other similarly situated employees who may opt-in, had on numerous occasions worked in excess of the hours specified in the Act, 29 U.S.C. §207.

37. As a result, plaintiff, and other similarly situated employees who may opt-in, are entitled to receive overtime compensation, equaling the difference between what they were entitled to receive under the FLSA and the amount that they were actually paid.

38. At all relevant times, defendants acted in reckless disregard of the applicable provisions of the FLSA and the regulations of the U.S. Department of Labor.

39. Because of defendants' willful violation, plaintiff, and all those similarly situated employees who may opt-in, are entitled to wages and overtime compensation and liquidated damages for the period beginning three years prior to the filing of this complaint or pursuant to 29 U.S.C. §255(a).

40. By virtue of defendants' willful violation of section 7 of the Act,

defendants are liable to plaintiff, and all other similarly situated employees who may opt-in, for all unpaid wages and overtime compensation for the period beginning three years prior to the filing of this complaint pursuant to 29 U.S.C. §255(a).and for liquidated damages together with attorneys fees, costs, disbursements and interest.

**SECOND CLAIM FOR RELIEF UNDER NYS LABOR LAW**

41. Plaintiff realleges each of the allegations set forth in all prior paragraphs as if fully set forth here.

42. At all times that plaintiff was employed by defendants, plaintiff was entitled to the rights, protections and benefits provided under the New York State Labor Law and its applicable regulations.

43. At all times that plaintiff was employed by defendants, defendants were required to pay plaintiff, and all other similarly situated employees who join this action, minimum wages and overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty in any work week.

44. Defendants acted with reckless disregard to the provisions of the New York State Labor Law and its regulations, willfully failing to pay plaintiff minimum wages and overtime compensation without any basis in fact to support such conduct and with full knowledge that such conduct violated the New York State Labor Law.

45. Defendants are liable for all unpaid minimum wages and overtime compensation owed to plaintiff, and to all similarly situated employees who join this action, the amount to be determined in this action, going back six years from the filing of this action, together with reasonable attorneys' fees, costs and interest.

46. By virtue of defendants' willful violation of the State Labor Law, defendants are liable to plaintiff, and to all similarly situated employees who join this action, for liquidated damages, equal to twenty-five percent of the overtime compensation due, during that part of the Litigation Period not covered by the FLSA.

**JURY DEMAND**

47. Plaintiffs demand a trial by jury of all issues in this action.

**WHEREFORE** plaintiff, on his own behalf and on behalf of others similarly situated, prays that the Court:

a. assumes jurisdiction over this action;

b. enters judgment in favor of the plaintiff, and all other similarly situated persons who may opt-in, monetary damages in the form of back pay for unpaid minimum wages, overtime compensation owed during the applicable period of limitations as may be found by a jury and the Court.

c. enters judgment in favor of the plaintiff, and all other similarly situated persons who may opt-in, for such amount as may be awarded by a jury and the Court for liquidated damages, for defendants' willful violation of the FLSA and the NYS Labor Law;

d. awards plaintiff and all other similarly situated persons who may opt-in, all costs, expenses, and reasonable attorneys' fees associated with the prosecution of this civil action; and

e. grants such additional or alternative relief as may appear to the Court to be just and proper.

Dated: New York, New York
September 28, 2005

Robert N. Felix **(RF-4229)**
Attorney for Plaintiff
11 Broadway, Suite 715
New York, New York 10004
212-747-1433