UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER L. DONAHUE, et al.,

                Plaintiffs,

-v-

GLOBAL HOME LOANS & FINANCE, INC., et al.,

                Defendants.

Case No. 05-CV-8362 (KMK)(HBP)

ORDER

---

KENNETH M. KARAS, District Judge:

    Plaintiff Peter L. Donahue brought this action alleging that Defendant Global Home Loans & Finance, Inc. ("Global") failed to pay its loan officers minimum wages and overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* The case was referred to Magistrate Judge Henry Pitman for general pretrial purposes. On November 15, 2006, Judge Pitman issued a Report and Recommendation recommending that a default judgment be issued against Global for failure to secure counsel and that the matter be scheduled for a inquest on damages. No objections were filed to the Report and Recommendation.

    A district court reviewing a magistrate judge's report and recommendation "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Reyes v. Mantello*, No. 00 Civ. 8936, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003) (quoting 28 U.S.C. § 636(b)(1)(C)). Under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," *see* Fed. R. Civ. P. 72(b), and must be made "within 10 days after being served with a copy of the recommended disposition."

*Id.*; *see also* 28 U.S.C. § 636(b)(1).

If a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation the party objected to under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

However, where a party does not submit an objection, "a district court need only satisfy itself that there is no clear error on the face of the record." *Reyes*, 2003 WL 76997, at *1 (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). In addition, a party's failure to submit an objection will waive that party's right to challenge the report and recommendation on appeal. *See FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of HHS*, 892 F.2d 15, 16 (2d Cir. 1989))).

Here, as noted, no Party has filed an objection to the Report and Recommendation. Accordingly, the Court has reviewed the Report and Recommendation under a clear error standard. Under such a standard of review, the Court finds no clear error in the Report and Recommendation, and therefore adopts it in its entirety.

2

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated November 15, 2006 is ADOPTED in its entirety. It is further

ORDERED that the Clerk of the Court is directed to enter a judgment in favor of Plaintiff Donahue against Defendant Global. It is further

ORDERED that the matter is again referred to Magistrate Judge Pitman for an inquest on damages.

SO ORDERED.

Dated:   March 14, 2007
         New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE